UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD HEMSLEY,<br><br>Defendant. | No. 2:13-CR-300-GEB<br><br><br><br>ORDER |

Pending before the court is defendant Richard Hemsley's May 22, 2018 motion for bail review. (ECF No. 406.) The United States has submitted a brief in opposition. (ECF No. 411.) The court has carefully considered the parties' briefing and the applicable legal standards. This motion is the most recent attempt in a long line of unsuccessful motions and appeals by Hemsley regarding his pretrial detention status. However, he has failed to demonstrate any changed circumstances since the undersigned's August 10, 2017 denial of a previous request for bail review. (See ECF No. 340.) For the following reasons, the court denies plaintiff's current motion and vacates the hearing scheduled for June 1, 2018.

RELEVANT BACKGROUND

Hemsley and co-defendants John Mahan and Russell Gilmore were charged with (1) conspiracy to manufacture marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) the manufacture of marijuana plants in violation of 21 U.S.C. § 841(a)(1). (See ECF No. 1.)

1

On January 6, 2014, Hemsley was detained and subsequently released, subject to the condition that he not use any controlled substances. (ECF No. 20). Later, on multiple occasions, Hemsley tested positive for controlled substances. (See ECF Nos. 34, 35, 36, 60, 64). As a result, on November 18, 2014, he was remanded into custody. (ECF No. 64).

In January, April, and May of 2015, Hemsley petitioned for release. (ECF Nos. 69, 72, 74). Hemsley claimed that he "recognize[d] the seriousness of his transgression" and "fully acknowledge[d] the error of his ways." (ECF No. 69 at 7). He promised to "religiously attend any program" the Court ordered him to (ECF No. 72) and "fully expressed his remorse." (ECF No. 74 at 6). On May 12, 2015, he was released from custody, subject to the same condition that he not use controlled substances. (ECF No. 78).

On July 21, 2015, Hemsley submitted diluted urine samples. (ECF No. 87). In June of 2016, he tested positive for marijuana and told the federally-contracted drug testing facility "that he would no longer participate in either outpatient substance abuse counseling or submit to urine collection services." (ECF No. 250). At a hearing before the undersigned on July 15, 2016, Hemsely was permitted to remain on pretrial release, but warned that this was his last chance. (ECF No. 252).

On February 27, 2017, Hemsley again tested positive for marijuana. (ECF No. 294). He failed to appear at his pretrial violation hearing on April 5, 2017, and the undersigned issued a bench warrant for his arrest. (ECF No. 299). During a June 1, 2017 detention hearing before Magistrate Judge Kendall J. Newman, Hemsley admitted to using marijuana and to understanding that marijuana use violated his conditions of release. Hemsley was remanded into custody. (ECF No. 312.)

Hemsley then requested bail review on June 19, 2017, asserting that he would no longer use marijuana. (ECF No. 323.) After a hearing, Magistrate Judge Allison Claire denied this request. (ECF No. 329).

Yet again, on July 25, 2017, Hemsley requested bail review. (ECF No. 333). The undersigned denied this request on August 10, 2017, after two additional hearings and an "extensive review of defendant's past behavior on release." (ECF No. 340).

| | |
|---|---|
| 1 | On October 10, 2017, Hemsley moved to revoke the detention order before District Judge |
| 2 | Garland E. Burrell, Jr. (ECF No. 351.) Judge Burrell denied the motion (ECF No. 363) and |
| 3 | Hemsley appealed to the Ninth Circuit Court of Appeals. (ECF No. 366.) |
| 4 | On March 1, 2018, the Ninth Circuit upheld Judge Burrell's pretrial detention order, |
| 5 | finding "that the government has met its burden of showing, by a preponderance of the evidence, |
| 6 | that 'no condition or combination of conditions will reasonably assure the [defendant's] |
| 7 | appearance,' 18 U.S.C. § 3142(e), and that appellant therefore poses a risk of flight." (ECF No. |
| 8 | 383 at 3.) |
| 9 | On May 22, 2018, Hemsley filed the instant motion for bail review, which is set for |
| 10 | hearing before the undersigned on June 1, 2018 at 2:00 pm. (ECF No. 406.) The court construes |
| 11 | this motion as a request to reopen the detention hearing, pursuant to 18 U.S.C. §3142(f). |
| 12 | DISCUSSION |
| 13 | Reopening a Detention Hearing |
| 14 | A detention "hearing may be reopened, before or after a determination by the judicial |
| 15 | officer, at any time before trial if the judicial officer finds that information exists that was not |
| 16 | known to the movant at the time of the hearing and that has a material bearing on the issue |
| 17 | whether there are conditions of release that will reasonably assure the appearance of such person |
| 18 | as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). |
| 19 | Here, Hemsley recounts difficulties he has had reaching a plea agreement with the |
| 20 | Government; suffering a severe head trauma while detained; his own "reflection on mortality"; as |
| 21 | well as his apparent desire to spend more time with his children. (ECF No. 406 at 1–3.) Hemsley |
| 22 | requests that the court release him, and consider using a GPS monitor to ensure his compliance |
| 23 | with the terms of release. (Id. at 3.) This information does not constitute new information or |
| 24 | changed circumstances that justify reopening the detention hearing under 18 U.S.C. § |
| 25 | 3142(f)(2)(B). |
| 26 | In the United States v. Dillon, the First Circuit Court of Appeals upheld the district court's |
| 27 | decision to not reopen the detention hearing. 938 F.2d 1412, 1415 (1st Cir. 1991). There, Dillon |
| 28 | had offered to submit a great deal more information to the court than Hemsley has offered here. |

Specifically, Dillon offered to provide numerous affidavits, letters, a family member's house as security, in addition to a promise to abide by any terms and conditions, and to remain on "house arrest." Dillon, 938 F.2d at 1415. However, the "court denied the motion [and] rejected [Dillon]'s contention that the letters and affidavits were 'information . . . not known to the movant at the time of the hearing' because the letters and affidavits themselves were not in existence at the time of the hearing. Rather, the court pointed out, [Dillon] had had sufficient time to obtain the affidavits and letters, or to arrange for the personal appearance of any witnesses." Id.

Similarly, nothing that Hemsley provides in his current motion is information that was unavailable to him previously and that would impact the court's risk assessment. Hemsley's newfound desire to spend time with his children—while laudable—does not assure the court that he would not continue to violate the terms of release. Also, neither Hemsley's inability to reach a plea agreement nor his injury while incarcerated demonstrate that he is no longer a flight risk. Indeed, as explained above, this matter has been thoroughly litigated. Hemsley has had numerous opportunities to demonstrate that he could comply with the court's orders, which he continually failed to do, and nothing of significance has changed.

Thus, the court again concludes that no condition or combination of conditions will reasonably assure Hemsley's appearance at future court dates, if he were to be released from custody, and he therefore poses a risk of flight. 18 U.S.C. § 3142(e). Moreover, because there have been no changed circumstances that warrant further review, the court finds no cause to reopen Hemsley's detention hearing, and vacates the June 1, 2018 hearing in this matter. 18 U.S.C. § 1342(f).

<u>Right to a Speedy Trial</u>

In his motion, Hemsley also invokes the right to a speedy trial as a separate reason for his release. (ECF No. 406 at 4.) While "[d]ue process limits how long an accused may be detained in prison without a trial," the period such "detention may extend before violating due process limits. . . has not been fixed in the law." United States v. El-Hage, 213 F.3d 74, 76 (2d Cir. 2000). As several courts have noted, "the length of detention alone is not dispositive and will rarely by itself offend due process." Id. at 79 (internal quotations omitted). In evaluating

4

whether a "pre-trial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness." Id.

Regarding the length of delay, Hemsley's co-defendant Russell Gilmore has filed a severance motion that is scheduled for hearing on July 13, 2018. (ECF No. 408.) The government estimates that once the severance motion is decided, there will be 64 days remaining on the Speedy Trial Act clock. (ECF No. 411.) Thus, it is likely that Hemsley should have a trial by mid-September. (Id.) In total, the government estimates an additional delay of less than four months. (Id.) The Ninth Circuit has held that a delay of up to 10 months is not excessive, where the government lacked responsibility for pretrial delay, which is what has occurred here. See United States v. Gelfuso, 838 F.2d 358, 359 (9th Cir. 1988).

In this matter, Hemsley agreed to his co-defendant's request for a continuance in June 2017, when the government was ready to proceed to trial. (See ECF No 305.) Also, Hemsley stipulated to continue and consolidate the briefing schedule on appeal, and has not sought expedited review under Ninth Cir. Rule 32-2 or General Order 3.3(f). (Ninth Cir. Case No. 17-10142, ECF Entry No. 2). Therefore, the government is not responsible for the pretrial delay.

The remaining factors—the gravity of the charges and the evidence of risk of flight—also weigh against Hemsley. As explained, the Ninth Circuit has upheld the district court's detention order that concluded that the charges against Hemsley warranted pretrial detention and that Hemsley was a flight risk. (See ECF Nos. 363, 383 at 3.)

Therefore, continued detention of Hemsley until mid-September 2018 would not be excessive and would not violate his constitutional rights. El-Hage, 213 F.3d at 76–79.

/////
/////
/////
/////
/////

5

Accordingly IT IS HEREBY ORDERED that:

1. Defendant's May 22, 2018 motion for bail review change in circumstances revocation of detention order (ECF No. 406) is DENIED.
2. The hearing set before the undersigned for June 1, 2018 at 2:00 p.m. is VACATED.

Dated: May 31, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE