UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN MAHAN, ET AL.,<br><br>        Defendants. | No. 2:13-cr-300-GEB<br><br>ORDER STRIKING REQUEST FOR AN ORDER TO SHOW CAUSE WHY PERSONS SHOULD NOT BE CHARGED IN CIVIL PROCEEDINGS |

On April 12, 2018, Pro Se Defendant Richard Hemsley filed a "Motion: Order to Show Cause." ECF. No. 398. Mr. Hemsley states in the motion that "18 U.S.C. § 3148(b) unequivocally calls for the A.U.S.A to file a motion to initiate the proceeding for revocation of an order of release," and that proceedings in this case have been "procedurally incorrect" because the court ordered the issues calendared upon notice by Pretrial Services; hence Mr. Hemsley states he "therefore moves this court to order the offending persons involved to show cause as to why they should Not be charged in civil proceedings . . . " Motion at 2 of 4, line 28 and 3 of 4, lines 21-24.

18 U.S.C. § 3148(b) prescribes: "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." At least

one district judge, in affirming a magistrate judge's order, explicitly agreed with the argument Mr. Hemsley raises in his motion. Specifically, in United States v. Herrera, the district judge affirmed an order of the magistrate judge dismissing a petition of a pretrial services officer for action on conditions of pretrial release, finding that the releasee's argument "present[ed] the question [of apparent first impression] whether the attorney for the government alone has the authority to initiate a proceeding for revocation of an order of pretrial release." 29 F. Supp. 2d 756, 757 (N.D. Tex. 1998). The judge stated in Herrera: "Neither the government nor the court has located any precedent that dictates the answer to the question whether a pretrial services officer may initiate a proceeding to revoke an order of release under § 3148(b)," and ultimately opined that "the court must uphold Congress' clear intent and conclude that § 3148(b) permits only the attorney for the government to initiate a proceeding for revocation of a release order." Id. at 758-59.

However, the decision in United States v. Roland, No. 1:05MJ111, 2005 WL 2318866 (E.D. Va., Aug. 31, 2005), answered the same question contrary to Herrera, "hold[ing] that it may initiate a proceeding, independently from the Government attorney, for revocation of release and an order of detention when U.S. Pretrial Services informs the Court, by petition, of an alleged violation." Roland, 2005 WL 2318866, at *2.

Roland explicitly declined to follow Herrera, stating:
> In defining "may" as discretionary, Congress did not mean that "only the government may move to initiate" a proceeding to sanction a

2

| | defendant with a revocation of release and an order of detention. Rather, a holistic reading of Section 3148 provides that the government, like the judicial officer, has the discretion to initiate a release revocation proceeding. Indeed, considering the Bail Reform Act of 1984 generally, Congress has granted to the court absolute control over the pretrial behavior of defendants on release pending trial: "The judicial officer may at any time amend the [release] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). For these reasons, the Court holds that a judicial officer has the inherent authority to initiate a release revocation proceeding to sanction a defendant with a revocation of release and an order of detention based on the plain language of Section 3148. |

Id. at *8. The analysis in Roland is correct, and the revocation procedures in this case were not procedurally deficient.

Further, Mr. Hemsley has not provided authority supporting his request that an order issue to those persons he characterizes as "offending persons involved [in the matters about which he complains in the motion that requires the persons] to show cause why they should Not be charged in civil proceedings." Mot. at 3. Therefore, the motion is stricken.

Dated: June 7, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge