UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN MAHAN, ET AL.,<br><br>　　　　　Defendants. | No. 2:13-cr-300-GEB<br><br>**ORDER DENYING DEFENDANT RICHARD HEMSLEY'S MOTIONS FOR REPLEVIN, FOR ENFORCEMENT OF HIS PRETRIAL DETAINEE RIGHTS, AND FOR DISMISSAL OF THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS** |

　　　　Defendant Richard David Hemsley ("Defendant") filed a motion for "a personal replevin in the name of Justice, a fortiori Demurrer to Quash all allegations of criminal activity against the Defendants, abrogating the unethical actions of the accusers." Mot. for Replevin 1:19-22, ECF No. 420. The United States of America (the "Government") opposes this motion arguing, inter alia, that an action for replevin is a civil action "and has no place in an ongoing criminal prosecution." Opp'n to Mots. ("Opp'n") 3:16-17, ECF No. 423. The Government is correct. Therefore, this motion is denied.

　　　　Defendant also filed a motion seeking "to actuate the constitutionally guaranteed rights of a pretrial detainee as if he were at home." Mot. for Enf't of Pretrial Detainee's Rights 1:26-30, ECF No. 421. Specifically, Defendant requests a "fully stocked" library, "computers to view video footage from discovery evidence," and more "access to phones." Id. at 2:26-3:18. The Government opposes the motion arguing, inter alia, that Defendant

1

|   |   |
|---|---|
| 1 | "has not set forth any specific facts that establish a cognizable |
| 2 | denial of access to communication facilities or legal materials that |
| 3 | would unfairly prejudice him."  Opp'n 6:25-26.  The Government |
| 4 | further agues, "[e]ven if Hemsley were to articulate a specific |
| 5 | grievance, for example, lack of access to a particular witness, |
| 6 | legal materials, or other resource, this Court has given him a |
| 7 | tremendous aid in the form of investigator Serna to contact any |
| 8 | witnesses, obtain any legal materials, or provide other reasonable, |
| 9 | needed assistance if his pretrial detention conditions hamper the |
| 10 | preparation of his defense."  Id. at 6:26-7:2. |
| 11 | Defendant's conclusory arguments do not evince that he |
| 12 | has insufficient resources to prepare a defense.  Therefore, the |
| 13 | motion is denied. |
| 14 | Defendant also moves for dismissal of the indictment |
| 15 | arguing the "Double Jeopardy Clause was in fact activated at the |
| 16 | onset of the initial invitation to sign a Plea Deal for 15 months |
| 17 | in September 2017."  Mot. to Dismiss 5:25-28, ECF No. 422.  The |
| 18 | Government counters that double jeopardy does not apply to a |
| 19 | "retrial after the Court's declaration of a mistrial due to the |
| 20 | jury's inability to reach a unanimous verdict," nor to "continued |
| 21 | pretrial detention" or to the "seizure of certain evidence."  Opp'n |
| 22 | 7:18-21. |
| 23 | Defendant has not shown that he is entitled to dismissal |
| 24 | based on his double jeopardy arguments. Therefore, the motion is |
| 25 | denied. |
| 26 | Dated:  June 28, 2018 |

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3